**In re FACEBOOK PRIVACY LITIGATION.**

**Mike Robertson, as representative of the class, Plaintiff–Appellant,**

v.

**Facebook, Inc., a Delaware corporation, Defendant–Appellee.**

No. 12–15619.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2014.

Filed May 8, 2014.

Kassra Nassiri, Nassir & Young LLP, John Joseph Manier, Nassiri & Jung LLP, Los Angeles, CA, for Plaintiff–Appellant.

Aaron Martin Panner, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, DC, Matthew D. Brown, Esquire, Litigation Counsel, Cooley LLP, San Francisco, CA, for Defendant–Appellee.

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the district court's dismissal with prejudice of their state law claims for breach of contract and fraud, as well as their claims under California's Unfair Competition Law (UCL) and Consumer Legal Remedies Act (CLRA). We have jurisdiction under 28 U.S.C. § 1291.[1]

Plaintiffs allege that the information disclosed by Facebook can be used to obtain personal information about plaintiffs, and that they were harmed both by the dissemination of their personal information and by losing the sales value of that information. In the absence of any applicable contravening state law, these allegations are sufficient to show the element of damages for their breach of contract and fraud claims. *Cf. Gautier v. Gen. Tel. Co.*, 234 Cal.App.2d 302, 44 Cal.Rptr. 404, 406 (1965) (holding that breach of contract requires damage to the plaintiff); *Lazar v. Sup. Ct.*, 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984 (1996) (stating that fraud requires damage to the plaintiff). Therefore, the district court erred in dismissing these state law claims.

We affirm the district court's dismissal of plaintiffs' UCL claim because plaintiffs failed to allege that they "lost money or property as a result of the unfair competition." Cal. Bus. & Prof.Code § 17204; *see also Folgelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 125 Cal.Rptr.3d 260, 266–67 (2011). We also affirm the district court's dismissal of plaintiffs' claim under the CLRA because plaintiffs failed to allege that they obtained anything from Facebook "by purchase," or by a "consumer transaction." *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal.App.4th 949, 23 Cal. Rptr.3d 233, 241 (2005); Cal. Civ.Code §§ 1761(d), 1780(a).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

court's dismissal of plaintiffs' claims under the Stored Communications Act, 18 U.S.C. § 2702. *Robertson v. Facebook,* 750 F.3d 1098 (9th Cir.2014).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In a published opinion filed concurrently with this memorandum, we affirm the district